UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL ADAM ASSENBERG,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE OF WASHINGTON, U.S. DEPARTMENT OF JUSTICE, F.D.A., and the UNITED STATES GOVERNMENT,<br><br>    Defendants. | NO. CV-06-351-RHW<br><br>**ORDER DISMISSING COMPLAINT** |

Before the Court is Plaintiff's Complaint for Pain and Torture, Depraved Indifference to Suffering & Violation of Due Process (Ct. Rec. 2). On December 11, 2006, Magistrate Judge Imbrogno granted Plaintiff's request to file *in forma pauperis* (Ct. Rec. 3).

Plaintiff asserts that his due process rights are being violated because Defendants have failed to allow him the medical use of marijuana. Plaintiff seeks two million dollars in compensatory damages for the pain and suffering that he has experienced.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), the Court must review a complaint filed *in forma pauperis* for legal sufficiency and dismiss it if it is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." A claim is legally frivolous when it lacks an arguable basis either in fact or in law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may dismiss a claim as

**ORDER DISMISSING COMPLAINT ~ 1**

frivolous where it is based on an indisputably meritless legal theory, or where the factual contentions are clearly baseless. *Id.* at 327. A complaint fails to state a claim upon which relief can be granted when a plaintiff can prove no set of facts in support of his claim that would entitle plaintiff to relief. *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Unless it is clear that no amendment can cure its defects, a *pro se* litigant is entitled to notice and opportunity to amend his complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000)(en banc).

Plaintiff is seeking money damages for violation of his due process rights. To establish a violation of substantive due process, a plaintiff must first show a deprivation of some fundamental right or liberty interest that is "deeply rooted in this Nation's history and tradition." *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997). As a threshold matter, then, in order for Plaintiff's claims to survive review, he must allege that he is being deprived of a fundamental right. This he cannot do, since there is no fundamental constitutional right to possess and to use marijuana for medical reasons. 21 U.S.C. § 812, Schedule I(c)(1)(placing marijuana in Schedule I); *see also* 21 U.S.C. § 812(b)(1)(B)(describing Schedule I drugs as having "no currently accepted medical use in treatment in the United States"). Because the federal government's ban of the medical use of marijuana is rationally related to the regulation of interstate commerce in marijuana, Plaintiff's substantive due process claim fails as a matter of law. *See Gonzales v. Raich*, 545 U.S. 1, 22 (2005).

Moreover, Plaintiff is asserting claims against the State of Washington. Under the Eleventh Amendment of the United States Constitution, a State is immune from suit brought in federal court by its own citizens as well as citizens of other states. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

**ORDER DISMISSING COMPLAINT** ~ 2

Washington's waiver of immunity in its own courts does not waive its immunity in federal court. *McConnell v. Critchlow*, 661 F.2d 116, 117 (9th Cir. 1981).

Generally, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies, unless the "pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Here, to the extent Plaintiff is seeking to obtain federal approval for the medical use of marijuana, it is futile. There are no allegations of other facts that would permit his due process claim to survive a § 1915(e) review.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint is **DISMISSED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward a copy to Plaintiff, and close the file.

**DATED** this 26th day of January, 2007.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2006\Assenberg\dismiss.ord.wpd

**ORDER DISMISSING COMPLAINT** ~ 3